UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA PEREZ ET AL.                            CIVIL ACTION

VERSUS                                           NO. 06-9293

METROPOLITAN PROPERTY                            SECTION "F"
AND CASUALTY INSURANCE COMPANY

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

The plaintiffs' home and contents in Meraux, Louisiana were severely damaged as a result of Hurricane Katrina. Their insurer, Metropolitan Property and Casualty Insurance Company, inspected the property and determined that most of the damage was caused by flooding, an excluded risk under the plaintiffs' homeowners policy. Metropolitan paid the plaintiffs $5,416 for covered losses and this lawsuit followed. Metropolitan now moves for summary judgment, claiming that the plaintiffs cannot prove that they are entitled to additional insurance benefits.

I.

Rule 56 instructs that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

1

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the initial burden of informing the Court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1132 (5th Cir.1992). It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case. <u>Ashe v. Corley</u>, 992 F.2d 540, 543 (5th Cir. 1993), <u>citing</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 328 (1986) (White, J., concurring). Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating the absence of factual issues warranting trial. <u>See</u> <u>Commander v. BASF Wyandotte Corp.</u>, 978 F.2d 924, 927 n. 4 (5th Cir. 1992); <u>Russ v. International Paper Co.</u>, 943 F.2d 589, 591-592 (5th Cir. 1991) ("[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.").

                                II.

Metropolitan has failed to meet its burden to show there are no issues of fact for trial. Metropolitan's expert, VECO Consulting, determined that ten feet of flood water caused "the bulk of the damage" to the plaintiffs' home. This conclusion,

Metropolitan submits, is confirmed by its expert meteorologist, who determined that flooding occurred in the vicinity of the plaintiffs' home during the hurricane. According to the plaintiffs' expert, however, hurricane winds damaged the roof, veneer siding, windows and doors of the residence, and destroyed the storage building located behind the house. The plaintiffs' expert also concluded that rain entered through gaps in the wind-damaged roof and damaged much of the plaintiffs' personal property before the flooding.

It is clear from the evidence in the record that much of the plaintiffs' property damage was caused by flooding. However, the plaintiffs have raised genuine fact issues about whether their covered losses exceed the $5,416 that Metropolitan paid, and they are entitled to try to prove this at trial. Accordingly,

IT IS ORDERED: The defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, April 23, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE